1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8
9

Maurice Lamont Johnson,

No. CV-16-00560-PHX-GMS (ESW)

10

Petitioner,

**REPORT AND
RECOMMENDATION**

11

v.

12

Charles L. Ryan, et al.,

13

Respondents.

14
15

**TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT**

16

**JUDGE:**

17

Pending before the Court is Maurice Lamont Johnson's ("Petitioner") Petition

18

under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1).

19

Respondents have answered (Doc. 11), and Petitioner has replied (Doc. 14).  The matter

20

is deemed ripe for consideration.

21

Petitioner presents two grounds for habeas relief in the Petition.  The undersigned

22

finds that Ground One, which raises a double jeopardy claim, is without merit.

23

Regarding Ground Two, the undersigned finds that it does not sufficiently state a claim

24

for habeas relief and is also procedurally defaulted.  It is therefore recommended that the

25

Petition (Doc. 1) be denied and dismissed with prejudice.

26

## I. BACKGROUND

27

In May 2011, a City of Tempe police officer arrested Petitioner for possession of

28

drug paraphernalia, false reporting to law enforcement, and possession of dangerous

drugs.  (Doc. 1 at 56).  A criminal case was filed in the Municipal Court of the City of Tempe charging Petitioner with false reporting to law enforcement and possession of drug paraphernalia.  (Bates No. 1).[1]  In a plea agreement, Petitioner agreed to plead guilty to violating ARIZ. REV. STAT. § 13-2907.01(A) (false reporting to law enforcement).  The plea agreement stated the charge brought under ARIZ. REV. STAT. § 13-3415(A) (possession of drug paraphernalia) would be dismissed.  (Doc. 1 at 55).  Municipal Court records indicate that the possession of drug paraphernalia charge was dismissed.  (Bates No. 1).

On September 16, 2011, the State filed in the Superior Court of Arizona in and for Maricopa County a two-count Complaint, which named the City of Tempe Police Department as the complainant.  (Bates Nos. 3-4).  On November 7, 2011, the State filed an Information against Petitioner.   (Bates No. 8-9).   The Information alleged that Petitioner (i) knowingly possessed or used methamphetamine on or about May 18, 2011[2] and (ii) unlawfully used or possessed with intent to use "a baggie, drug paraphernalia, to pack, repack, store, contain, or conceal methamphetamine" on or about May 18, 2011. (*Id.*).

Following trial, a jury found Petitioner guilty as charged.  (Bates No. 29).  The trial court further found that the State proved beyond a reasonable doubt that Petitioner was convicted of prior felony offenses.  (Bates No. 28).  On January 23, 2015, the trial court sentenced Petitioner to 3.5 years on Count 1 (possession or use of methamphetamine) and 1.75 years on Count 2 (possession of drug paraphernalia).  (Bates No. 29).

Petitioner's appellate attorney did not find any colorable claims to raise in a direct

---

[1] Citations to the state court record submitted with Respondents' Answer (Doc. 11) refer to the Bates-stamp numbers affixed to the lower right corner of each page of the record.  The submitted portions of the record are docketed as Docs. 12 and 13.

[2] The Information originally alleged that Petitioner possessed or used methamphetamine on or about May 8, 2011.  On the State's motion, the trial court amended the Information to reflect that the correct date of the alleged offense is May 18, 2011.  (Bates No. 10).

appeal.  (Bates Nos. 36-44).  Petitioner filed a pro se supplemental brief.  (Bates Nos. 52-58).  On August 18, 2015, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences.  (Bates Nos. 61-65).  On February 16, 2016, the Arizona Supreme Court denied Petitioner's request for further review.  (Bates Nos. 66-77, 78).  On February 29, 2016, Petitioner timely initiated this federal habeas proceeding challenging his convictions and sentences received in the Superior Court of Arizona case.  (Doc. 1).

## II.  LEGAL STANDARDS

### A.  Exhaustion-of-State-Remedies Doctrine

It is well-settled that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.").  The rationale for the doctrine relates to the policy of federal-state comity.  *Picard*, 404 U.S. at 275 (1971).  The comity policy is designed to give a state the initial opportunity to review and correct alleged federal rights violations of its state prisoners.  *Id*.  In the U.S. Supreme Court's words, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  *Darr v. Burford*, 339 U.S. 200, 204 (1950).

The exhaustion doctrine is codified at 28 U.S.C. § 2254.  That statute provides that a habeas petition may not be granted unless the petitioner has (i) "exhausted" the available state court remedies; (ii) shown that there is an "absence of available State corrective process"; or (iii) shown that "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

Case law has clarified that in order to "exhaust" state court remedies, a petitioner's federal claims must have been "fully and fairly presented" in state court. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).  To "fully and fairly present" a

federal claim, a petitioner must present both (i) the operative facts and (ii) the federal legal theory on which his or her claim is based.  This test turns on whether a petitioner "explicitly alerted" a state court that he or she was making a federal constitutional claim.  *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1204–05 (9th Cir. 2005).

### B.  Procedural Default Doctrine

If a claim was presented in state court, and the court expressly invoked a state procedural rule in denying relief, then the claim is procedurally defaulted in a federal habeas proceeding.  *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Even if a claim was not presented in state court, a claim may be procedurally defaulted in a federal habeas proceeding if the claim would now be barred in state court under the state's procedural rules.  *See, e.g., Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Similar to the rationale of the exhaustion doctrine, the procedural default doctrine is rooted in the general principle that federal courts will not disturb state court judgments based on adequate and independent state grounds.  *Dretke v. Haley*, 541 U.S. 386, 392 (2004).  A habeas petitioner who has failed to meet the state's procedural requirements for presenting his or her federal claims has deprived the state courts of an opportunity to address those claims in the first instance.  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

As alluded to above, a procedural default determination requires a finding that the relevant state procedural rule is an adequate and independent rule.  *See id*. at 729-30.  An adequate and independent state rule is clear, consistently applied, and well-established at the time of a petitioner's purported default.  *Greenway v. Schriro*, 653 F.3d 790, 797-98 (9th Cir. 2011); *see also Calderon v. U.S. Dist. Court (Hayes)*, 103 F.3d 72, 74-75 (9th Cir. 1996).  An independent state rule cannot be interwoven with federal law.  *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985).  The ultimate burden of proving the adequacy of a state procedural bar is on the state.  *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003).  If the state meets its burden, a petitioner may overcome a procedural default by

proving one of two exceptions.

In the first exception, the petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law. *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014). To demonstrate "cause," a petitioner must show that some objective factor external to the petitioner impeded his or her efforts to comply with the state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). To demonstrate "prejudice," the petitioner must show that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Carrier*, 477 U.S. at 494 ("Such a showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied 'fundamental fairness' at trial.").

In the second exception, a petitioner must show that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *Hurles*, 752 F.3d at 780. This exception is rare and only applied in extraordinary cases. *Wood v. Ryan*, 693 F.3d 1104, 1118 (9th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). The exception occurs where a "constitutional violation has probably resulted in the conviction of one who is actually innocent of the offense that is the subject of the barred claim." *Wood*, 693 F.3d at 1117 (quoting *Schlup*, 513 U.S. at 327).

### C.  Reviewing the Merits of Habeas Claims

In reviewing the merits of a habeas petitioner's claims, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to defer to the last reasoned state court decision. *Woods v. Sinclair*, 764 F.3d 1109, 1120 (9th Cir. 2014); *Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013). To be entitled to relief, a state prisoner must show that the state court's adjudication of his or her claims either:

    1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    2. resulted in a decision that was based on an

1
2

> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

3   28 U.S.C. § 2254(d)(1), (2); *see also, e.g., Woods*, 764 F.3d at 1120; *Parker v. Matthews*,

4   132 S. Ct. 2148, 2151 (2010); *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

5        As to relief under 28 U.S.C. § 2254(d)(1), "clearly established federal law" refers

6   to the holdings of the U.S. Supreme Court's decisions applicable at the time of the

7   relevant state court decision.  *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Thaler v.*

8   *Haynes*, 559 U.S. 43, 47 (2010).  A state court decision is "contrary to" such clearly

9   established federal law if the state court (i) "applies a rule that contradicts the governing

10  law set forth in [U.S. Supreme Court] cases" or (ii) "confronts a set of facts that are

11  materially indistinguishable from a decision of the [U.S. Supreme Court] and

12  nevertheless arrives at a result different from [U.S. Supreme Court] precedent."  *Price v.*

13  *Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06

14  (2000)).

15       As to relief under 28 U.S.C. § 2254(d)(2), factual determinations by state courts

16  are presumed correct unless the petitioner can show by clear and convincing evidence to

17  the contrary.  28 U.S.C. § 2254(e)(1); *see also Stanley v. Cullen*, 633 F.3d 852, 859 (9th

18  Cir. 2011).  A state court decision "based on a factual determination will not be

19  overturned on factual grounds unless objectively unreasonable in light of the evidence

20  presented in the state-court proceeding."  *Davis v. Woodford*, 384 F.3d 628, 638 (9th

21  Cir. 2004) (as amended) (internal quotation marks and citation omitted).

22

23                            **III.  ANALYSIS**

24       **A.  Ground One: Alleged Double Jeopardy Violation**

25       In Ground One of the Petition, Petitioner argues that because the possession of

26  drug paraphernalia charge was dismissed pursuant to a plea agreement filed in the

27  Municipal Court of the City of Tempe, his subsequent conviction on that charge in the

28  Superior Court of Arizona violates the Double Jeopardy clause of the Fifth Amendment.
    (Doc. 1 at 6).  Petitioner raised this claim before the Arizona Court of Appeals in his

direct appeal. (Bates No. 57). In rejecting this claim, the Arizona Court of Appeals' decision states that Petitioner "contends he accepted an offer to plead guilty of false reporting to law enforcement, and this trial resulted in double jeopardy. Our search of the record reveals no such plea bargain. No agreement was reached at the settlement conference, nor by the expiration of the State's plea offer." (Bates Nos. 63-64).

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." The Double Jeopardy Clause, which is enforceable against the States through the Fourteenth Amendment, consists of three separate constitutional protections that prohibit: (i) a second prosecution for the same offense after acquittal; (ii) a second prosecution for the same offense after conviction; and (iii) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith,* 490 U.S. 794 (1989). However, "[t]he protections afforded by the Clause are implicated only when the accused has actually been placed in jeopardy." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977) (citation omitted); *Taylor v. Kincheloe*, 920 F.2d 599, 604 (9th Cir. 1990) ("The initial inquiry in double jeopardy analysis . . . is whether jeopardy has 'attached,' and if so, when.") (quoting *Serfass v. United States*, 420 U.S. 377, 388 (1975)). "This state of jeopardy attaches when a jury is empaneled and sworn, or, in a bench trial, when the judge begins to receive evidence." *Martin Linen Supply Co.*, 430 U.S. at 569; *see also Serfass,* 420 U.S. at 391-92 (jeopardy attaches only when the defendant risks a determination of guilt).

To the extent that Petitioner argues that the dismissal of the possession of drug paraphernalia charge in the City of Tempe Municipal Court constitutes an acquittal, the U.S. Supreme Court has explained that the word "acquittal" "has no talismanic quality for purposes of the Double Jeopardy Clause. . . . [I]t has no significance in this context unless jeopardy has once attached and an accused has been subjected to the risk of conviction." *Serfass*, 420 U.S. at 389, 392 (citations omitted) (rejecting argument that dismissal of indictment constituted an "acquittal" under the Double Jeopardy Clause as

the dismissal had occurred before the defendant had been "put to trial before the trier of the facts"); *Ohio v. Johnson*, 467 U.S. 493, 501 (1984) (double jeopardy protection applied only to charges for which defendant had pled guilty and thus had "been exposed to conviction").

Here, there is no evidence that Petitioner had actually risked a determination of guilt as to the possession of drug paraphernalia charge brought in the City of Tempe Municipal Court. *See Serfass*, 420 U.S. at 391-92 ("[T]he Double Jeopardy Clause . . . does not come into play until a proceeding begins before a trier having jurisdiction to try the question of the guilt or innocence of the accused. . . . Without risk of a determination of guilt, jeopardy does not attach . . . ."). Petitioner has not shown that jeopardy had attached to the possession of drug paraphernalia charge at the time it was dismissed in the City of Tempe Municipal Court pursuant to a plea agreement. *See United States v. Vaughan*, 715 F.2d 1373, 1376-77 (9th Cir. 1983) (holding that jeopardy did not attach to charges dismissed pursuant to plea agreement); *United States v. Dahlstrum*, 655 F.2d 971, 974 (9th Cir. 1981) (dismissal is not equivalent to acquittal even if dismissal is "with prejudice"), *cert. denied*, 455 U.S. 928 (1982); *United States v. Garner*, 32 F.3d 1305, 1311 n.6 (8th Cir. 1994) ("[J]eopardy never attached to the charges dismissed [with prejudice] as part of [the] plea agreement."); *United States v. Nyhuis*, 8 F.3d 731, 735 n.2 (11th Cir. 1993) ("We may disregard the § 846 conspiracy charge in the Michigan indictment which was dismissed pursuant to Nyhuis's plea agreement because jeopardy did not attach to that dismissed charge."); *United States v. Soto-Alvarez*, 958 F.2d 473, 482 n.7 (1st Cir. 1992) ("The 1985 indictment charged the defendant with seven separate offenses, however we only concern ourselves with the two charges to which the defendant pled guilty since jeopardy ordinarily does not attach to counts which are dismissed and on which no finding of guilt is made."). The undersigned therefore does not find that the Arizona Court of Appeals' rejection of Petitioner's double jeopardy claim in Ground one is contrary to, or an unreasonable application of, federal

law as determined by the United States Supreme Court.[3]   Nor does the undersigned find that the Arizona Court of Appeals' rejection of the claim was based on an unreasonable determination of the facts.   It is recommended that the Court deny Ground One of the Petition.

### B.  Ground Two: Alleged Due Process Violation
#### 1.  Ground Two May Be Dismissed for Failure to Sufficiently State a Habeas Claim

Federal law "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"   *Wilson v. Corcoran,* 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)).   To plead a cognizable federal habeas claim, a petitioner must set forth in his or her petition the facts supporting the specific ground upon which relief is sought.    Rule 2(c), foll. 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"   Advisory Committee Note to Rule 4, foll. 28 U.S.C. § 2254 (citation and internal quotation marks omitted); *see also Mayle v. Felix,* 545 U.S. 644, 655 (2005) (noting that the rules governing pleading for Section 2254 habeas petitions are "more demanding" than the notice pleading allowed under Fed. R. Civ. P. 8); *Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979) (concluding that a habeas petitioner "failed to satisfy the specificity requirement of § 2254 pleadings or to show that there is a 'real possibility' of constitutional error" by "merely alleg[ing] that he '. . . was not informed of the consequences of his plea. . . .'").

In Ground Two of the Petition, Petitioner states only "Denied Due Process 14[th] Amendment Violation."   (Doc. 1 at 7).   In the "Supporting Facts" section, Petitioner states that a City of Tempe police officer testified at trial that he arrested Petitioner on

---

[3]    The Arizona Court of Appeals' decision does not discuss Supreme Court precedent when rejecting Petitioner's double jeopardy claim.    However, AEDPA deference "does not require citation of [Supreme Court] cases-indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2003) (emphasis in original); *Richter*, 131 S.Ct. at 784.

May 18, 2011 for charges of possession of drug paraphernalia, drug possession, false reporting to law enforcement, and a City of Tempe warrant.  (*Id.*).  Petitioner asserts that the officer "couldn't have arrested the Petitioner on May 18th 2011" because the "false reporting to law enforcement and possession of drug paraphernalia [charges] were adjudicated 2 weeks earlier on May 8th 2011 in Tempe Municipal Court . . . ." (*Id.*).  The undersigned finds that Ground Two fails to sufficiently set forth a cognizable federal habeas claim that Petitioner is in custody in violation of federal law.  *See Wacht*, 604 F.2d at 1247.  Further, as explained below, the undersigned finds that Ground Two is procedurally defaulted because Petitioner did not present it as a federal constitutional claim to the Arizona Court of Appeals in his direct appeal.[4]

### 2. Ground Two May Alternatively Be Dismissed as Procedurally Defaulted

A claim is only "fairly presented" to the state courts when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim under the United States Constitution."  *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000) (quotations omitted);  *see also Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").  Even when a claim's federal basis is "self-evident," or the claim would have been decided on the same considerations under state or federal law, a petitioner must still present the federal claim to the state courts explicitly, "either by citing federal law or the decisions of federal courts."  *Lyons v. Crawford,* 232 F.3d 666, 668 (9th Cir. 2000) (quotations omitted), *amended by* 247 F.3d 904 (9th Cir.2001); *see Baldwin v. Reese,* 541 U.S. 27, 32 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim" to discover implicit federal claim).

---

[4] Although Respondents address Ground Two on the merits (Doc. 11 at 7-8), a federal court "may examine the exhaustion question sua sponte." *Batchelor v. Cupp*, 693 F.2d 859, 862 (1982) (citing *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981).

In his brief submitted to the Arizona Court of Appeals, Petitioner stated "Appellant was not arrested on May 18th 2011 therefore the Police Report #11074663, and testimony given in criminal case #CR-2011-148351-001SE by Officer M. McManus #20290 of the Tempe Police [D]epartment is flawed and incorrect." (Bates No. 57). Petitioner did not cite any federal law in presenting the claim. Because Petitioner failed to alert the Arizona Court of Appeals to the fact that he was raising a federal constitutional claim, Ground Two is unexhausted.

If Petitioner returned to state court and presented Ground Two in a Petition for Post-Conviction Relief ("PCR"), the PCR Petition would be untimely. *See* Ariz. R. Crim. P. 32.4 (a petition for post-conviction relief must be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is later"). Although Arizona Rule of Criminal Procedure 32.4 does not bar untimely PCR claims that fall within the category of claims specified in Arizona Rule of Criminal Procedure 32.1(d) through (h), Petitioner has not asserted that any of these exceptions apply to him and the undersigned does not find that any of the exceptions would apply. A state post-conviction action is futile where it is time-barred. *See Beaty v. Stewart,* 303 F.3d 975, 987 (9th Cir. 2002); *Moreno v. Gonzalez,* 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R.Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

Further, under Arizona Rule of Criminal Procedure 32.2(a), a defendant is precluded from raising claims that were adjudicated or could have been raised and adjudicated on direct appeal or in any previous collateral proceeding. *See Krone v. Hotham*, 890 P.2d 1149, 1151 (1995) (capital defendant's early petition for post-conviction relief raised limited number of issues and waived other issues that he could have then raised, but did not); *State v. Curtis,* 912 P.2d 1341, 1342 (Ariz. Ct. App. 1995) ("Defendants are precluded from seeking post-conviction relief on grounds that were adjudicated, or could have been raised and adjudicated, in a prior appeal or prior

petition for post-conviction relief."); *State v. Berryman*, 875 P.2d 850, 857 (Ariz. Ct. App. 1994) (defendant's claim that his sentence had been improperly enhanced by prior conviction was precluded by defendant's failure to raise issue on appeal). Arizona Rule of Criminal Procedure 32.2(a) would preclude Petitioner from returning to state court to exhaust Ground Two.

Because adequate and independent state procedural rules would preclude Petitioner from returning to state court to exhaust Ground Two, the undersigned finds that Ground Two is procedurally defaulted.[5]   *See Beaty*, 303 F.3d at 987 (a claim is procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the requirement would now find the claims procedurally barred") (quoting *Coleman*, 501 U.S. at 735 n.1)).

### 3. Petitioner's Procedural Default is Not Excused

The merits of a habeas petitioner's procedurally defaulted claims are to be reviewed if the petitioner (i) shows cause for the default and actual prejudice as a result of the alleged violation of federal law or (ii) shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *McKinney v. Ryan*, 730 F.3d 903, 913 (9th Cir. 2013).

Petitioner's status as a pro se litigant does not constitute "cause." *See Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (cause not established in case of illiterate petitioner who relied on the assistance of another inmate who was released); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (illiterate petitioner with a mental condition who relied upon incompetent "jailhouse lawyers" failed to show cause). Petitioner has failed to show cause for his procedural default. Where a petitioner fails to establish cause, the Court need not consider whether the

---

[5]   This type of procedural default is often referred to as "technical" exhaustion because although the claim was not actually exhausted in state court, Petitioner no longer has an available state remedy. *Coleman,* 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him.").

petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Accordingly, the undersigned finds that Petitioner has not satisfied the "cause and prejudice" exception to excuse his procedural defaults.

To satisfy the fundamental miscarriage of justice exception, Petitioner must show that "a constitutional violation has resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. After reviewing the record, the undersigned finds no evidence showing that a constitutional violation has probably resulted in the conviction of an innocent man. The undersigned thus finds the miscarriage of justice exception inapplicable to this case. *Wood*, 693 F.3d at 1117. Consequently, the undersigned recommends that the Court not excuse Petitioner's procedural default.

## IV.  CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court deny and dismiss the Petition (Doc. 1) with prejudice.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because the undersigned does not find that jurists of reason would find it debatable that (i) Petitioner has not made a substantial showing of the denial of a constitutional right as to Ground One and (ii) the dismissal of Ground Two is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the

District Court without further review.  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.   *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 25th day of January, 2017.

_____

Eileen S. Willett
United States Magistrate Judge